ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 19 2003
CLERK, U.S. DISTRICT COURT
By _____

| | | |
|---|---|---|
| MATHEWS HEATING & AIR CONDITIONING LLC, | § § § § | |
| Plaintiff, | § § | |
| vs. | § § § | CIVIL ACTION NO. 3:03-CV-2910-P |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM
AND BRIEF IN SUPPORT**

**I. Introduction**

Defendant Liberty Mutual Fire Insurance Company's ("Liberty Mutual") counterclaim for attorneys' fees under the Texas Uniform Declaratory Judgment Act ("DJA") should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because the DJA is a procedural mechanism and does not provide the necessary substantive legal basis for awarding attorneys' fees in a federal-diversity case. Moreover, Liberty Mutual's counterclaim for a judicial declaration concerning its rights, obligations, and duties under the insurance policy at issue should also be dismissed because this counterclaim does not present a new dispute; instead, it merely requests the same relief sought by Plaintiff Mathews Heating & Air Conditioning LLC ("Mathews") in its Original Petition.

## II. Background

This is an insurance-coverage case that Mathews originally filed in state court. Liberty Mutual subsequently removed this case based on diversity jurisdiction. Mathews is suing Liberty Mutual under an insurance policy for failing to provide Mathews a defense in an underlying lawsuit. In its Original Petition, Mathews asserts several causes of action against Liberty Mutual, including one for declaratory relief under the DJA. Specifically, Mathews seeks a judicial declaration that Liberty Mutual is obligated under the policy at issue to pay Mathews' claim for defense in the underlying lawsuit.

On November 26, 2003, before this case was removed, Liberty Mutual filed an answer and asserted a counterclaim under the DJA seeking: (a) a judicial declaration as to the rights, obligations, and liabilities of the parties under the policy at issue; (b) a judicial declaration that Liberty Mutual has no duty to defend or indemnify Mathews in the underlying lawsuit; and (c) attorney's fees under the DJA.

## III. Discussion

Although the DJA permits recovery of reasonable and necessary attorneys' fees in a declaratory judgment action,[1] the Fifth Circuit has held that the DJA functions as a procedural mechanism and does not provide the necessary substantive legal basis for awarding attorneys' fees in a federal-diversity case.[2] Therefore, Liberty Mutual's counterclaim for attorneys' fees under

---

[1] TEX. CIV. PRAC. & REM. CODE § 37.009.

[2] *Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998).

the DJA should be dismissed under Federal Rule of Civil Procedure 12(b)(6).[3]

Furthermore, the DJA is not available to settle disputes already pending before the court.[4] Restated, a counterclaim presenting no new controversies, but brought solely to pave the way for recovery of attorney's fees, is improper.[5] Here, Liberty Mutual's counterclaim for declaratory judgment simply reurges Mathews' request for declaratory judgment to enable Liberty Mutual to recover its attorney's fees. Therefore, Liberty Mutual's counterclaim for declaratory judgment is improper and should be dismissed under Rule 12(b)(6) as well.[6]

Respectfully submitted,

By: /s/

Stephen C. Rasch
State Bar No. 16551420

Scott P. Stolley
State Bar No. 19284350

Michael S. Alfred
State Bar No. 24014416

THOMPSON & KNIGHT LLP
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
(214) 969-1700
FAX (214) 969-1751

ATTORNEYS FOR PLAINTIFF

---

[3]*Id.*

[4]*Richter, S.A. v. Bank of America National Trust & Savings Assoc.*, 939 F.2d 1176, 1197 (5th Cir. 1991); *B.M.B. Corp. v. McMahan's Valley Stores*, 869 F.2d 865, 869 (5th Cir. 1989); *Texas Liquor Control Bd. V. Canyon Creek Land Corp.*, 456 S.W.2d 891, 895 (Tex. 1970).

[5]*Richter, S.A.*, 939 F.2d at 1197; *B.M.B. Corp.*, 869 F.2d at 869-70; *Estate of Kidd*, 812 S.W.2d 356, 359-60 (Tex. App. – Amarillo 1991, writ denied) (citing *John Chezik Buick Co. v. Friendly Chevrolet Co.*, 749 S.W.2d 591, 594-95 (Tex. App. – Dallas 1988, writ denied).

[6]*Richter, S.A.*, 939 F.2d at 1197; *B.M.B. Corp.*, 869 F.2d at 869-70; *Kidd*, 812 S.W.2d at 359-60; *John Chezik Buick Co.*, 749 S.W.2d at 594-95.

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing was served on all counsel of record by U.S. mail on the 19th day of December, 2003.

_____
Stephen C. Rasch