IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION

| | | |
|---|---|---|
| MATHEWS HEATING & AIR CONDITIONING LLC, § § § | | |
| *Plaintiff,* § § | | |
| vs. § § § | CIVIL ACTION NO. 3:03-CV-2910-P | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, § § § § | | |
| *Defendant.* § | | |

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM AND BRIEF IN SUPPORT

### I. Introduction

Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") has asserted a counterclaim seeking three types of relief: (1) a declaratory judgment that Liberty Mutual had no duty to defend Mathews Heating & Air Conditioning LLC ("Mathews") in the underlying litigation; (2) a declaratory judgment that Liberty Mutual has no duty to indemnify Mathews for the amount it paid to settle the underlying litigation; and (3) attorneys' fees for prosecuting both declaratory judgment claims. The Court should dismiss all of these claims for several reasons. First, Liberty Mutual's response does not support its claim for a declaratory judgment on the duty to defend. Second, Liberty Mutual has not demonstrated an actual controversy between the parties over Liberty Mutual's duty to indemnify Mathews. Alternatively, the Court should exercise its discretion not to entertain the declaratory judgment claim on the duty to indemnify. Finally, Liberty Mutual admits that it is not entitled to attorneys' fees in this case.

## II. Discussion

### A.  Liberty Mutual has not explained why the Court should not dismiss its declaratory judgment claim on the duty to defend.

First, Liberty Mutual's declaratory judgment claim on the duty to defend fails as a matter of law because it simply reurges Mathews' request for declaratory judgment on that issue.[1] Liberty Mutual's response argues that the Court should not dismiss its claims for declaratory judgment because it seeks a declaratory judgment on its duty to indemnify Mathews, a distinct issue from whether Liberty Mutual breached its duty to defend Mathews.[2] While this argument addresses whether the Court should dismiss the declaratory judgment claim regarding the duty to indemnify, it does not provide any reason for the Court to retain the declaratory judgment claim regarding the duty to defend. Accordingly, the Court should dismiss Liberty Mutual's claim for a declaratory judgment on the duty to defend.

### B.  Liberty Mutual has failed to show any actual controversy on the duty to indemnify or, alternatively, the Court should exercise its discretion to dismiss the claim.

Second, the Court should dismiss the declaratory judgment claim on the duty to indemnify because there is no controversy between the parties. Liberty Mutual contends that the Court should deny the motion to dismiss its declaratory judgment claims because it seeks a declaratory judgment on the duty to indemnify, a separate issue from the duty to defend.[3] Mathews agrees that Liberty Mutual's counterclaim seeks a declaratory judgment on its duty to indemnify Mathews, and that the

---

[1] *Richter, S.A. v. Bank of America National Trust & Savings Assoc.*, 939 F.2d 1176, 1197 (5th Cir. 1991); *B.M.B. Corp. v. McMahan's Valley Stores*, 869 F.2d 865, 869 (5th Cir. 1989); *Texas Liquor Control Bd. v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 895 (Tex. 1970).

[2] *Id.* at ¶ 5-6.

[3] Defendant's Response at ¶¶ 5-6.

duty to indemnify raises issues independent from the duty to defend.[4] However, Liberty Mutual has not alleged any facts indicating an actual controversy with Mathews over the duty to indemnify.

Like all federal claims, claims for declaratory relief must show an actual controversy between the parties to fall within the Court's subject matter jurisdiction under the "case or controversy" requirements of Article III.[5] Generally, an actual controversy exists only when there is "a substantial controversy of sufficient immediacy and reality . . . between parties having adverse legal interests."[6] If no injury to the litigant has occurred, the court's inquiry focuses on whether an injury is sufficiently likely to justify judicial intervention.[7] For example, a litigant may seek a declaratory judgment before a lawsuit is filed, but only if the litigant has "a real and reasonable apprehension of litigation."[8]

Here, Liberty Mutual's counterclaim alleges only that it "seeks a declaration as to the rights, obligations and liabilities of the parties under the policy issued by Liberty."[9] But Liberty Mutual does not allege any facts showing that Mathews has sought indemnification for the amounts paid in settlement.[10] Moreover, Mathews has not alleged that Liberty Mutual owed or breached a duty to

---

[4]*See* Defendant's Original Answer and Counterclaim at 3.

[5]*Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000) (citing *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 27-28 (5th Cir. 1989)).

[6]*Id.* at 896 (quoting *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986)).

[7]*Id.* at 897.

[8]*Id.* (discussing *Texas v. West Publ'g. Co.*, 882 F.2d 171, 175 (5th Cir. 1989)).

[9]*See* Defendant's Original Answer and Counterclaim at 3.

[10]Actually, Liberty Mutual's counterclaim generally denies all facts in Mathews' pleadings, a permissible practice under the Texas procedural rules applicable to this case prior to removal. *Id.* at 1.

**Plaintiff's Reply to Defendant's Response to Motion to Dismiss Defendant's Counterclaim**     **Page 3**
046357 000022 DALLAS 1692135 1

indemnify.[11] Since there are no factual allegations from either party indicating that Liberty Mutual and Mathews have an actual controversy over the duty to indemnify, the Court should dismiss Liberty Mutual's remaining declaratory judgment claim.

Alternatively, if the Court finds an actual controversy between the parties, the Court should exercise its discretion to dismiss this declaratory judgment action because Mathews has not asserted any claim that Liberty Mutual breached a duty to indemnify.[12]

C.  **Liberty Mutual's response does not contest dismissal of its claims for attorneys' fees.**

Finally, regardless of whether Liberty Mutual may assert declaratory judgment claims in this suit, the Court should dismiss the claim for attorneys' fees because, as Liberty Mutual candidly admits, "the [Texas Declaratory Judgment Act] does not provide the necessary substantive legal basis for awarding attorneys' fees."[13] Liberty Mutual's counterclaim does not allege any other basis for attorneys' fees, and therefore the claim fails as a matter of law.

Respectfully submitted,

By: /s/ Jason L. Cagle
Stephen C. Rasch
State Bar No. 16551420

Scott P. Stolley
State Bar No. 19284350

Jason L. Cagle
State Bar No. 24027540

---

[11]*See* Plaintiff's Original Petition.

[12]*See Odeco Oil and Gas Co. v. Bonnette*, 4 F.3d 401, 404 (5th Cir. 1993) (the court has discretion to allow or deny declaratory judgment relief).

[13]*See* Defendant's Response to Plaintiff's Motion to Dismiss Defendant's Counterclaim and Brief in Support at ¶ 4 (citing *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998)) ("Defendant's Response").

THOMPSON & KNIGHT LLP
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
(214) 969-1700
FAX (214) 969-1751

ATTORNEYS FOR PLAINTIFF MATHEWS HEATING & AIR CONDITIONING, LLC

## CERTIFICATE OF SERVICE

This certifies that a true copy of the foregoing was served on all counsel of record by certified mail, return receipt requested on the 22 day of January, 2004.

*Jason L. Cagle*
Jason L. Cagle