IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 23 2004

CLERK, U.S. DISTRICT C(
By _____
Deputy

| | | |
|---|---|---|
| MATHEWS HEATING & AIR CONDITIONING LLC, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:03-CV-2910-P |
| LIBERTY MUTUAL FIRE INSURANCE CO. | § § § § | |
| Defendant. | § § § | |

## ORDER

Now before the Court is Plaintiff's Motion to Dismiss Defendant's Counterclaims, filed December 19, 2003. Defendant filed a Response on January 7, 2004, to which Plaintiff filed a Reply on January 22, 2004. After reviewing the parties' arguments and authorities, the Court GRANTS in part and DENIES in part Plaintiff's Motion to Dismiss Defendant's Counterclaims.

**I.    Background and Procedural History**

Plaintiff initiated this suit on October 29, 2003 in the 134th Judicial District Court of Dallas County, Texas. The suit was subsequently removed to this Court on December 4, 2003. Among other things, Plaintiff's Original Petition seeks a declaration that Defendant, Plaintiff's insurance provider, had a duty to defend Plaintiff in a lawsuit that was filed against it in 2002. In its Answer to Plaintiff's Original Petition, Defendant asserted three counterclaims. To wit, Defendant seeks: (1) a declaratory judgment that it had no duty to defend Plaintiff in the 2002 lawsuit; (2) a

declaratory judgment that it has no duty to indemnify Plaintiff for the 2002 lawsuit; and (3) attorney's fees for prosecuting the present defense. Plaintiff now moves this Court to dismiss Defendant's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     Plaintiff's Motion to Dismiss

Rule 12(b)(6) sanctions the dismissal of pleadings which fail to state claims upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A claim should not be dismissed under this rule, however, unless it "appears beyond doubt that the [nonmovant] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When deciding whether to grant a motion to dismiss, courts are instructed to review the evidence in the light most favorable to the nonmoving party and accept its allegations as true. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164 (1993).

### a.     Defendant's Counterclaims for Declaratory Judgment

Defendant seeks declaratory judgments that it had no duty to defend or indemnify Plaintiff in the 2002 lawsuit. With respect to Defendant's duty to defend, this issue is essential to the resolution of Plaintiff's claims, and Defendant's assertion of the same issue as a counterclaim is unnecessarily duplicative and thus ripe for dismissal. *See Richter S.A. v. Bank of America Nat'l Trust & Sav. Ass'n*, 939 F.2d 1176, 1197 (5th Cir. 1991) (stating that the Texas Uniform Declaratory Judgment Act is not available to settle disputes already pending before the court); *B.M.B. Corp. v. McMahan's Valley Stores*, 869 F.2d 865, 869 (5th Cir. 1989). Accordingly, Plaintiff's Motion to Dismiss is GRANTED with respect to this claim.

However, Defendant's claim for declaratory judgment with respect to its duty to indemnify

is *not* related or essential to Plaintiff's claims. Although Plaintiff claims in its Reply brief that the duty to indemnify claim should be dismissed because there is no "actual controversy" with respect to this issue, Plaintiff did not move for dismissal on this basis in its original Motion to Dismiss. The Court will not consider arguments and/or theories for dismissal raised for the first time in a party's reply brief. Plaintiff has failed to provide the Court with an adequate basis for dismissing Defendant's claim for declaratory judgment with respect to its duty to indemnify. Accordingly, Plaintiff's Motion to Dismiss is DENIED with respect to this claim.

### b. Defendant's Counterclaim for Attorneys' Fees

Defendant's counterclaim for attorneys' fees also fails to state a claim upon which relief can be granted. In this regard, Defendant aptly concedes that "the Texas Declaratory Judgments Act does not provide the necessary substantive legal basis for awarding attorneys' fees." (Def.'s Resp. at ¶ 4.) This Court and legal authority accord. *See, e.g., Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) (holding that the Texas Declaratory Judgments Act does not authorize attorneys' fees in diversity cases because the Act is not substantive). Accordingly, Plaintiff's Motion to Dismiss is GRANTED as to this claim.

### III. Conclusion

For the reasons stated, Plaintiff's Motion to Dismiss is hereby GRANTED in part and DENIED in part. The Court finds that Defendant's counterclaim for declaratory judgment with respect to its duty to defend and its counterclaim for attorneys' fees fail to state claims upon which relief can be granted, and Plaintiff's Motion is GRANTED with respect to these claims. However, Plaintiff has failed to provide the Court with an adequate basis for dismissing Defendant's claim for

declaratory judgment with respect to its duty to indemnify, and Plaintiff's Motion to Dismiss is DENIED as to this claim.

**It is so ordered.**

Signed this 23rd day of April 2004.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE